**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

```
F I L E D
NOV 2 1 2012
CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA
```

| | | |
|---|---|---|
| **Thomas Lemke,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **1:12cv1301 (LMB/IDD)** |
| | ) | |
| **Jim O'Sullivan, et al.,** | ) | |
| **Defendants.** | ) | |

<u>MEMORANDUM OPINION</u>

Thomas Lemke, a Virginia inmate proceeding <u>pro se</u>, has filed a civil rights action,

pursuant to 42 U.S.C. § 1983, alleging that conditions at Chesapeake City Jail ("CCJ") prohibit

his access to the courts and that defendants have violated his right to be transferred to a Virginia

Department of Corrections ("VDOC") facility along with an application to proceed <u>in forma</u>

<u>pauperis</u> and a Motion for Appointment of Counsel.  For the reasons stated below, plaintiff's

claim regarding his right to transfer institutions will be dismissed pursuant to 28 U.S.C. §

1915A(b)(1) for failure to state a claim for which relief can be granted;[1] plaintiff will be directed

to particularize and amend his allegations concerning denial of his access to the courts and

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any
> event, as soon as practicable after docketing, a complaint in a civil action in which
> a prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.

> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the
> complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which
>> relief can be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

provide evidence of complete exhaustion of this claim; his motion for appointment of counsel

will be denied; and he will be required to provide evidence that he qualifies for in forma pauperis

status.

## I. Background

Plaintiff alleges that defendants Jim O'Sullivan, Sheriff of the CCJ, and Harold Clarke,

VDOC Director, are "denying me meaningful access to the courts . . . ." Compl. 5. He alleges

that he does not have access to a "set of Rules of the Court, Codes, and reporters for my

respective circuit[, which are necessary] to properly file and prepare my post relief efforts to my

underlying convictions through habeas corpus." Id. Plaintiff states further that he is "entitled to

the same resources as a state inmate housed in a state facility" and complains that defendants

have "no rational reason for there [sic] not removing the plaintiff to a state correctional facility . .

. ." Id. at 5–unnumbered page 1. Plaintiff appears to believe that he would have access to

necessary materials in a state institution and would also be able "to speak to an institutional

attorney" if he were in a VDOC facility. Id. at unnumbered page 1.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint

that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C.

§ 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is

determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."

Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed

true, and the complaint should be dismissed only when "it is clear that no relief could be granted

under any set of facts that could be proved consistent with the allegations." Hishon v. King &

Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 556 U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . .". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949–50.

### III. Analysis

#### A. Request to Transfer

Plaintiff's allegation that his constitutional rights have been violated because he not been transferred to a VDOC facility does not state a claim on which relief can be granted. Plaintiff has no enforceable right to be housed or not to be housed at any particular correctional facility. A prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred or not to transferred to a different facility upon request. Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976). A prisoner has no due process interest in his placement at a particular prison, nor does the Constitution "guarantee that the convicted prisoner will be placed in any particular prison." Meachum, 427 U.S. at 223–25; see also, Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). Therefore, plaintiff's claim will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for which relief can be granted.

#### B. Denial of Access to the Courts

Plaintiff alleges that his right to meaningful access to the courts has been denied because he does not have access to certain legal materials. Inmates have a right to meaningful access to

the courts, which requires that individuals acting under color of state law cannot hinder an inmate in his efforts to pursue a legal claim. Bounds v. Smith, 430 U.S. 817, 822 (1977)); Lewis v. Casey, 518 U.S. 343 (1996); see also Hause v. Vaught, 993 F.2d 1079, 1084 (4th Cir. 1993). To state a claim for denial of access to the courts, plaintiff must establish that he suffered an "actual injury or specific harm." Hause, 993 F.2d at 1084–85; see, e.g., Strickler v. Waters, 989 F.2d 1375, 1382 (4th Cir. 1993); Magee v. Waters, 810 F.2d 451, 452–53 (4th Cir. 1987). To make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996); see also White v. White, 886 F.2d 721, 723–24 (4th Cir. 1989). Actual injury requires the inmate to "demonstrate that his nonfrivolous, post-conviction or civil rights legal claim has been frustrated or impeded." Jackson v. Wiley, 352 F. Supp. 2d 666, 679–80 (E.D. Va. 2004).

District courts have a duty to construe pleadings by pro se litigants liberally; however, a pro se plaintiff must nevertheless allege a cause of action. Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). To state a cause of action under § 1983, a plaintiff must allege facts indicating plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). Thus, each named defendant must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against him.

As presented, plaintiff has not stated a claim that he has been denied access to the courts. Plaintiff's allegations are merely conclusory, and he has not stated sufficient facts to support them. Because plaintiff is proceeding pro se, he will be granted an opportunity to particularize and amend his complaint as to this claim.

4

It appears that plaintiff names Sheriff O'Sullivan and Director Clarke as defendants because of their supervisory roles at CCJ. Supervisory officials may be held liable only in certain circumstances for the constitutional injuries inflicted by their subordinates. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (citing Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984)). This liability is not premised on respondeat superior, but upon "recognition that supervisory indifference or tacit authorization of subordinates misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Id. at 798 (quoting Slakan, 737 F.2d at 372-73). "[L]iability ultimately is determined 'by pinpointing the persons in the decisionmaking chain whose deliberate indifference permitted the constitutional abuses to continue unchecked.'" Id. To establish supervisory liability under § 1983, a plaintiff must demonstrate:

> that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Id. at 799 (citations omitted).

Here, plaintiff fails to allege any facts showing that the Sheriff of Chesapeake City Jail or the Director of VDOC had actual or constructive knowledge that subordinates were engaged in conduct that posed a "pervasive and unreasonable risk" of constitutional injury to plaintiff. Therefore, in his amended complaint, plaintiff will be given the opportunity to name additional defendants whom he believes were personally responsible for denying him meaningful access to the courts.

## IV. Exhaustion of Administrative Remedies

Plaintiff must show that he has exhausted his administrative remedies before his claim regarding denial of access to the courts may proceed. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 92 (2006) (requiring complete exhaustion of correctional facility administrative remedies). To bring this action in the federal courts, plaintiff must receive a response to his grievance and, if unsatisfactory, must pursue it through all available levels of appeal before presenting that claim in federal court. At this time it is unclear whether plaintiff completely exhausted his institution's administrative remedies. Before this action may proceed, plaintiff will be required to submit additional information concerning his exhaustion of administrative remedies. See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 680 (4th Cir. 2005) (deeming improper sua sponte dismissal of a claim on exhaustion grounds).

## V. Other Pending Motions

A. Motion for Appointment of Counsel

Plaintiff requests that a Mr. James Brice, Jr. be appointed as counsel in this matter. Comp. unnumbered page 2. A court may request an attorney to represent an indigent plaintiff proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). The Fourth Circuit, however, has limited the appointment of counsel to cases where "exceptional circumstances" exist, such as cases with particularly complex factual and legal issues or with a litigant who is unable to represent himself adequately. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). It is unnecessary at this time to appoint counsel for plaintiff, as plaintiff has made no showing of "exceptional circumstances" in his case that would warrant appointment of counsel. In addition, to date,

6

plaintiff has ably filed his complaint and motions, as well as demonstrated comprehension of the procedures and laws of this Court. Thus, plaintiff's request for the appointment of counsel will be denied, without prejudice to renewal at a later stage of the proceedings, if appropriate.

B. Motion for Leave to Proceed In Forma Pauperis

To determine whether plaintiff qualifies to proceed in forma pauperis, the court directs plaintiff to sign and return a Consent form and directs plaintiff's correctional institution to complete and return an Inmate Account Report form.

## VI. Conclusion

For the above-stated reasons, plaintiff's claim regarding his right to transfer institutions will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for which relief can be granted; plaintiff will be directed to particularize and amend his allegations concerning denial of his access to the courts and provide evidence of complete exhaustion of this claim; his motion for appointment of counsel will be denied; and he will be required to provide evidence that he qualifies for in forma pauperis status.

Entered this _21st_ day of _November_ 2012.

_____/s/ _____
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia